**FILED**

JUDGE DAVID GUADERRAMA

DEC 02 2020

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | CRIMINAL NO. EP-20-CR- |
| Plaintiff, | § § § | **S E A L E D** **I N D I C T M E N T** |
| v. | § § | |
| FRED SAENZ | § § § | **CT 1**: 21:846 & 841(a)(1)-Conspiracy to Possess a Controlled Substance with Intent to Distribute; |
| Defendants. | § § § § | **CT 2:** 21:841(a)(1) -Possession with Intent to Distribute a Controlled Substance; |
| | § § § § | **CT 3**: 21:843(b)-Conspiracy to Unlawfully Use a Communication Facility; |
| | § § § § | **CT 4:** 21:846 & 856(a)(1)-Conspiracy to Maintain a Drug Involved Premise. |
| | § § § | *Notice Of Government's Demand For Forfeiture* |

THE GRAND JURY CHARGES:

**EP20CR2504**

<u>COUNT ONE</u>
(21 U.S.C. §§ 846, 841(a)(1) & 841(b)(1)(B)(ii))

That beginning on or about April 1, 2019, up to and including November 10, 2020, in the Western District of Texas, Defendants,

**FRED SAENZ**

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed together and with others to the Grand Jury known and unknown, to commit offenses against the United States, in violation of Title 21, United States Code, Section 846, that is to say, they conspired to

possess a controlled substance, which offense involved cocaine, a Schedule II Controlled Substance, with intent to distribute same, contrary to Title 21, United States Code, Sections 841(a)(1) in the quantities set for below:

## QUANTITY OF CONTROLLED SUBSTANCE INVOLVED IN THE CONSPIRACY

The quantity of the mixture or substance containing cocaine involved in the conspiracy and attributable to each Defendant as a result of each Defendant's own conduct and as a result of the conduct of other conspirators reasonably foreseeable to each Defendant is as follows:

| DEFENDANT | QUANTITY | STATUTE |
|---|---|---|
| **FRED SAENZ** | 500 grams or more of a mixture or substance containing a detectable amount of cocaine | 841(b)(1)(B)(ii) |

All in violation of Title 21, United States Code, Section 846.

### COUNT TWO
(21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii))

That on or about November 10, 2020, in the Western District of Texas, Defendant,

**FRED SAENZ,**

knowingly and intentionally possessed with intent to distribute a controlled substance, which offense involved 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii).

2

## COUNT THREE
(21 U.S.C. §§ 846 & 843(b))

That on or about August 4, 2020, and continuing to and including on or about October 29, 2020, in the Western District of Texas, Defendants,

**FRED SAENZ**

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed together and with others to the Grand Jury known and unknown, to commit offenses against the United States, in violation of Title 21, United States Code, Section 846, that is to say, they conspired to knowingly and intentionally use a communication facility; to wit: a cellular telephone, in committing, causing and facilitating the commission of a violation of Title 21, United States Code, Sections 846 and 856, to wit: Conspiracy to Possess with the Intent to Distribute a Quantity of a mixture or substance containing a detectable amount of Cocaine, a Schedule II Controlled Substance and Conspiracy to Maintain a Drug Involved Premise, in violation of Title 21, United States Code, Section 843(b).

## COUNT FOUR
(21 U.S.C. §§ 846 & 856(a)(1)

That beginning on or about April 1, 2019, up to and including November 10, 2020, in the Western District of Texas, defendants,

**FRED SAENZ**

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed together with others to the Grand Jury known and unknown, to commit offenses against the United States, in violation of Title 21, United States Code, Section 846, that is to say, they conspired to use and

3

maintain a place located in El Paso, Texas , a residence, for the purpose of distributing cocaine, a controlled substance, in violation of Title 21, United States Code, Section 856(a)(1).

**NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE**
[*See* **Fed. R. Crim. P. 32.2**]

**I.**
**Drug Violation and Forfeiture Statutes**
[Title 21 U.S.C. §§ 846 841(a)(1), 841(b)(1)(B)(ii), 843(b), and 856(a)(1), subject to forfeiture pursuant to Title 21 U.S.C. §§ 853(a)(1) and (2)]

As a result of the foregoing criminal violations set forth above, the United States gives notice to Defendants **FRED SAENZ** of its intent to seek the forfeiture of certain properties upon conviction pursuant to Fed R. Crim. P. 32.2 and Title 21 U.S.C. §§ 853(a)(1) and (2), which state:

> **Title 21 U.S.C. § 853. Criminal Forfeitures**
> **(a) Property subject to criminal forfeiture**
> **(1)** any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
> **(2)** any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

This Notice of Demand for Forfeiture includes but is not limited to the property described in Paragraph II.

**II.**
**Money Judgment**

A sum of money that represents the amount of proceeds obtained, directly or indirectly, or traceable to such property as a result of the violations set forth above for which Defendants **FRED SAENZ** are individually liable.

**Substitute Assets**

If any of the property described above as being subject to forfeiture for the violations set forth above, as a result of any act or omission of the Defendants:

  a. cannot be located upon the exercise of due diligence;
  b. has been transferred or sold to, or deposited with, a third party;
  c. has been placed beyond the jurisdiction of the court;
  d. has been substantially diminished in value; or
  e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of any other property, up to the value of said money judgment, as substitute assets pursuant to Title 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e)(1).

         A TRUE BILL.

         **ORIGINAL SIGNATURE
REDACTED PURSUANT TO
E-GOVERNMENT ACT OF 2002**
         FOREPERSON OF THE GRAND JURY

GREGG N. SOFER
UNITED STATES ATTORNEY

BY: _/s/_____
   Assistant U.S. Attorney